GREENVILLE ICE AND COAL COMPANY *v.* BROWN.

No. 41086          March 23, 1959          109 So. 2d 858

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellants.

*Howard Dyer, Jr.,* Greenville, for appellee.

McGehee, C. J.,

The plaintiff, Mrs. Elizabeth H. Brown, sued the defendants, Greenville Ice and Coal Company, and Hugh Bennett of Greenwood, Mississippi, the driver of the beer truck of the said corporation, for damages on account of personal injuries sustained by the plaintiff in a collision between her Buick automobile and what shall be hereinafter referred to as the Bennett truck on De-

cember 6, 1957. She recovered a judgment for the sum of $5,000 based on the verdict of the jury and the defendants both appeal.

Mrs. Brown was traveling west on U. S. Highway 82 within the corporate limits of the City of Greenville and desiring to turn into the paved Fairview Avenue, running north and south at its intersection with said Highway 82, stopped on account of a red light at the intersection prior to making her left handed turn. Traffic at this intersection is regulated by a stop light similar to those generally in use in cities in colors of red, amber and green. According to her own testimony when she stopped at the traffic light, she had driven so close up under the light that she could not see whether it was on red, amber or green when she made her left turn.

Highway 82 is a four-lane paved highway with two lanes for the westbound traffic and two lanes for eastbound traffic. The Bennett truck was traveling east in the southerly lane for eastbound traffic when the plaintiff was traveling west at the time she stopped under the traffic light and was in the southerly lane for the westbound traffic before making her turn to the south. Bennett was driving a truck weighing approximately 50,000 pounds and it was in its third low gear in which it could attain a maximum speed of only 23 miles per hour. It had been raining and the pavement was wet. He had stopped his truck on account of a red light at Cedar Avenue, one block west of Fairview Avenue. After stopping at the red light at Cedar Avenue the Bennett truck then proceeded on a green light for the distance of a normal city block to Fairview Avenue, intending to proceed on eastward in the most southerly lane of Highway 82, since he had a green light at Fairview Avenue. He saw the plaintiff's automobile stopped under the traffic light with its signal light flickering for a left turn but he testified that he had the green light,

and he assumed that he had the right to proceed through the intersection of Highway 82 with Fairview Avenue.

The plaintiff testified that she had her signal light flickering for a left turn but admitted that she didn't know whether the traffic light above her was indicating red, amber or green when she started making her turn; that she had let seven or eight cars pass in the southerly lane for eastbound traffic and that she thought she had time to make her left turn ahead of the oncoming Bennett truck.

Two witnesses, Messrs. Perry and Roberts were on the east side of Fairview Avenue and south of the intersection, waiting for the red light to change to green in order that they might make a right turn east onto Highway 82. Mr. Perry testified that when the plaintiff made her left turn the green arrow on the traffic light was pointing to her right, that is to say to the north, whereas she made her turn to the south. The green arrow was on the traffic light above her and she admittedly could not see the light. Mr. Perry's testimony as to the green arrow pointing to her right at the time she made her left turn was wholly undisputed. Mr. Roberts said he was not paying any attention to it since they intended to turn east instead of going on north.

When the plaintiff's automobile was crossing over the traffic lane in front of the Bennett truck, it is the testimony of Bennett and of Perry that if the Bennett truck had proceeded in a straight course, it would have of necessity collided with the plaintiff's automobile. Bennett, therefore, according to both his testimony and that of the plaintiff, undertook to miss her automobile by running his truck over the curb at the southwest corner of the intersection, but he, nevertheless, struck the plaintiff's automobile since she continued to proceed southward. The collision caused the plaintiff's automobile to also strike the pickup truck on the east side of Fairview

Avenue in which the witnesses Perry and Roberts were seated.

The collision occurred during the late afternoon heavy traffic at about 5:30. All of the witnesses say that the traffic was heavy and there is no dispute but that the pavement was wet, and the defenadnt, Bennett, testified that if he had locked his brakes his truck would have skidded on the wet pavement and that it was for that reason that he ran over the curb to his right in an effort to avoid colliding with the plaintiff's automobile.

Section 8196, Code of 1942 provides: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard * * *."

The court granted to the plaintiff an instruction reading as follows: "The Court instructs the jury for plaintiff that the operator of a vehicle continuing its course is, for his part, under the obligation of having his vehicle under such control that the other vehicle, entering the intersection first, can safely make the left turn."

We think that the giving of this instruction was fatal error, which was not cured by any other instruction. It made the driver of the Bennett truck the insurer of the safety of the plaintiff without regard to whether she had the right to turn across his traffic lane at the time she did, and without regard to whether or not his truck was in such close proximity to the intersection as to constitute an immediate hazard when she undertook to make her left turn. We think that while the case is close, there was sufficient evidence for the submission of the question of any negligence on the part of the defendant to the jury.

Mrs. Nichols, a witness for the plaintiff, was parked in her car between Cedar and Fairview Avenues when

the Bennett truck passed traveling east. While she stated that she had had no experience in estimating the speed of automobiles, she thought that the Bennett truck was traveling in excess of the speed limit of 25 miles per hour at that point. She based her estimate in part on the noise that the truck was making.

The plaintiff gave no testimony as to the speed of the Bennett truck but both Bennett and Perry testified that the truck was traveling between 15 and 20 miles per hour. It weighed approximately 50,000 pounds, as aforesaid, and had proceeded only one block after it stopped for the red light at Cedar Avenue.

Another instruction granted the plaintiff is assigned as error for the reason that it instructed the jury in substance that the defendant, Bennett, under the circumstances was bound to know that the plaintiff contemplated turning into Fairview Avenue. We think that this instruction is objectionable in that respect. It ignores whatever rights Bennett may have had to assume that she would remain where she had stopped for the left turn until the eastbound traffic lane was clear, since it is undisputed that Bennett had a green light as he proceeded toward and into the intersection. If Perry and Roberts were waiting until the light ahead of them to the north could change from red to green, then the light toward which Bennett was traveling was necessarily green and the plaintiff admitted that she didn't know what color the lights were since she was so close up under the light that she couldn't see them.

We have concluded that the case should be reversed and remanded for a new trial, and the ground of the reversal is the giving of the instruction hereinbefore quoted in full, and for the reasons hereinbefore stated in regard thereto.

Reversed and remanded.

*Hall, Holmes, Ethridge,* and *Gillespie, JJ.,* concur.